IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD DORSEY ) | |
| ) | Civil Action No. |
|   Plaintiff, ) | |
| v. ) | |
| ) | |
| EASY RENTALS, LLC ) | JURY TRIAL DEMANDED |
| ) | |
|   Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Donald Dorsey ("Plaintiff" or "Dorsey"), through undersigned counsel, and files this lawsuit against Defendant Easy Rentals, LLC ("Defendant" or "Easy Rentals"), and shows the following:

### I.     Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally

mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia limited liability company and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from approximately October 7, 2014 to approximately October 21, 2015.

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

During the last three years, Plaintiff was employed by Defendant in series of non-exempt positions – including Driver, Inside Salesperson, and Account Manager – paid on an hourly basis. Throughout his employment with Defendant, Plaintiff was entitled to overtime compensation for all hours worked in excess of (40) hours in a workweek.

9.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

10.

During the last three years, Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked over (40) in such weeks.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

During the last three years, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation for all hours worked over 40 in such weeks.

13.

During the last three years, Defendant maintained a policy of requiring Plaintiff to work off the clock.

14.

During the last three years, while Plaintiff was employed by Defendant as a non-exempt employee, Plaintiff's supervisor directed Plaintiff to work off the clock. Specifically, his supervisor directed him not to report hours worked in excess of approximately fifty-one (51) hours per week.

15.

Thus, while Plaintiff was paid overtime for hours worked between approximately 40 and 51 hours in a given week, he was not paid for any hours worked in excess of approximately 51 hours in a week.

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

During the last three years, Defendant failed to keep accurate time records for all hours worked by Plaintiff.

18.

Plaintiff is entitled to overtime pay for the hours he worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff has suffered lost wages.

## **Count I**

## **Violation of the Overtime Wage Requirement of the Fair Labor Standards Act**

19.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

20.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for all hours Plaintiff worked in excess of 40 hours in given workweeks.

21.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

22.

Defendant suffered and permitted Plaintiff to routinely work more than 40 hours per week without paying overtime compensation for all hours worked in excess of 40 hours in a workweek.

23.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

24.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

25.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

26.

Defendant's violations of the FLSA were willful and in bad faith.

27.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

### **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)  Grant Plaintiff leave to add additional state law claims if necessary; and

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

This 20th day of January, 2016.

**BARRETT & FARAHANY, LLP**

s/Benjamin A. Stark
V. Severin Roberts
Georgia Bar No. 940504
Benjamin Stark
Georgia Bar No. 601867
Attorneys for Donald Dorsey

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile